## BURRELL YARBROUGH v. THE STATE.

*No. 6859.   Decided April 26.*

**Knowingly Causing Stock to go into the Enclosure of Another, etc.—Evidence.**—To support a conviction under article 684 of the Penal Code it devolves upon the State to prove that when the accused caused stock to go into the enclosed lands of another, without consent, that he did so *knowingly*. See the opinion and the statement of the case for the substance of evidence *held* insufficient to support a conviction.

APPEAL from the County Court of Montague. Tried below before Hon. Henry Hardy, County Judge.

The opinion states the nature of the case. The penalty assessed by the verdict was a fine of $35.

Briefly stated, the proof shows that the enclosure was a pasture owned by the Eldridge family; that a small patch of growing cotton was contained in the said pasture, being located on the east side thereof; that Dr. Eldridge's step-son owned that patch of cotton until a few days before the day alleged in the indictment, when he sold the cotton to Stotts, and the Eldridge family moved away; that previous to that time, as often as he passed through the neighborhood with cattle, the defendant spent a night at the house of the Eldridges, and with the consent of the Eldridges

turned his cattle into the pasture; that he reached the pasture with his cattle about dark on the day alleged in the indictment, and having no knowledge that the Eldridges had sold the cotton growing in the patch or moved away, he turned his cattle into the pasture, as the permission accorded him allowed him to do at any time, and repaired to the house of Eldridge; that finding the Eldridge house vacant, he went to the house of Collier to stay all night; that Collier then told him of the sale of the cotton to Stotts, and that early on the next morning he drove his stock out of the pasture. A few of the cattle were found in and driven out of the cotton.

*R. D. Rugeley,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—Appellant was indicted, tried, and convicted under article 648 of the Penal Code for knowingly causing cattle to go within the enclosed land of one Sim Stotts, without the consent of the said Sim Stotts.

We are of opinion that the evidence not only fails to support the conviction, but that the conviction is against the evidence. Defendant did not *knowingly* put his cattle in Sim Stotts's enclosure, but the evidence shows he put his cattle in the enclosure of the Eldridges, as he believed, and had every right to believe, and where he had been in the habit previously of putting his cattle with the consent and permission of the Eldridges.

Under the law, to have made out a case against this appellant, it was necessary for the State to show that he *knowingly* turned the cattle in said enclosure without the consent of the owner. This was not shown. A party might be guilty under the statute if he knowingly turned cattle into an enclosure when he did not know who the owner was. But this is not such a case. Defendant had the consent of the Eldridges; he believed they were still the owners. He did not know until after he had turned in the cattle that the Eldridges had sold or transferred the enclosure to Stotts, or any one else. In this state of case we can not see how it can in reason be said that he *knowingly* turned his stock into the enclosure of Stotts without Stotts's consent. The evidence fails to show that appellant knowingly intended *to commit* the offense denounced by the statute.

Because the verdict and judgment are against the evidence, the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.